UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
HASSAN KHAN,                                    :

                Movant,          :

        -against-                  :          **ORDER**

UNITED STATES OF AMERICA,       :          20-CV-945 (JSR) (KNF)
                                                                       15-CR-804-1 (JSR)

              Respondent.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Hassan Khan made a motion "pursuant to 28 U.S.C. $2255 to vacate his sentence in this matter based on the ineffective assistance of his defense counsel," Jeffrey Louis Greco ("Greco"). The Court directed and Greco filed his affidavit responding to the plaintiff's claim. Before the Court is a motion for a hearing under 28 U.S.C. § 2255, opposed by the respondent.

## PARTIES' CONTENTIONS

      The movant asserts that a hearing is appropriate because the papers in support of his motion to vacate the sentence "set forth a detailed, substantiated, credible claim that his counsel abdicated his responsibility to provide effective sentencing advocacy – the exact opposite of the kind of "vague, conclusory, or palpably incredible" claims that do not merit a hearing." According to the movant, the following factual matters are in dispute, warranting a hearing:

- Mr. Greco's claims about his relevant expertise at the time of his representation of Mr. Khan;
- Mr. Greco's claim that he conducted a "comprehensive investigation" in Mr. Khan's case;
- Mr. Greco's claim he considered and consciously rejected all the "alternative strategies" raised in Mr. Khan's petition, including issues relating to Mr. Khan's youth, religious and cultural background; immigration and migration experiences as they impacted his sexual maturation; Mr. Khan's causation of the victim's conditions; and the overstatement of Mr. Khan's sentencing guideline;

1

> • Mr. Greco's claim that he developed his sentencing strategy "in consultation with" Mr. Khan;
> • Mr. Greco's claim that he would have adopted a different strategy if Mr. Khan was not facing a mandatory minimum;
> • Mr. Greco's claim that he fully advised Mr. Khan of the consequences of his guilty plea; and
> • Mr. Greco's understanding of his obligations as sentencing advocate for Mr. Khan.

> The respondent asserts:
>
> There is no need for a hearing in this proceeding because the entirety of the Petitioner's argument relates to facts that are in the record. The Petitioner's only argument is that trial counsel provided ineffective assistance by purportedly offering inadequate sentencing advocacy, Pet. at 4, an argument that rests entirely on the record already before the Court—including a transcript of the sentencing itself, and the affidavit submitted by trial counsel (the "Affidavit"). As the record demonstrates, trial counsel's advocacy at sentencing involved precisely the kind of strategic choices and considerations that fall far short of meeting the Strickland factors—and which provide no meaningful areas of dispute that would be resolved via a hearing.

According to the respondent, "[of] the seven bullet-point arguments in the Hearing Motion, more than half are irrelevant to trial counsel's actual performance at the sentencing proceeding," "[t]wo others fall squarely within the category of strategy," and "[t]he seventh and final bullet is the kind of "airy generalit[y]" and "conclusory assertion[]" that is nsufficient to even state a claim under § 2255."

## LEGAL STANDARD

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C.A. § 2255(b) & (c).

## APPLICATION OF LEGAL STANDARD

Upon review of the motion to vacate the sentence and Greco's affidavit, the Court finds that disputed factual matters exist, including Greco's advice to the movant, that are not in the record. The Court's review of the record indicates that the disputed issues are not susceptible to resolution without the production of the prisoner at the hearing.

## CONCLUSION

Accordingly, the movant's motion, Docket Entry No. 67 in the case 15-CR-804, is granted. The parties are directed to confer and, on or before October 15, 2020, propose the means and methods by which the hearing can be held remotely for the health and safety of all hearing participants.

Dated:  New York, New York
      October 8, 2020

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE