```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

HASSAN KHAN,

    Petitioner,

-v-

UNITED STATES OF AMERICA,

    Respondent.

20-cv-0945

ORDER ADOPTING REPORT
& RECOMMENDATION

JED S. RAKOFF, U.S.D.J.:

On August 18, 2023, Magistrate Judge Jennifer E. Willis issued a Report and Recommendation (the "R&R") in the above-captioned matter recommending denial of the petition filed by Hassan Khan pursuant to 28 U.S.C. § 2255. See Dkt. 69. On October 2, 2023, petitioner timely filed an objection to the R&R. See Dkts. 70, 71.

In reviewing a report and recommendation from a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) Where, as here, a timely objection has been made to a magistrate judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).

The Court assumes familiarity with the facts and background underlying the petition. In essence, petitioner, not content that his then-attorney Jeffry Greco, Esq., obtained a sentence for petitioner

1

well below the recommended guidelines range, claims he received ineffective assistance of counsel at sentencing, although Magistrate Judge Willis, in a well-reasoned and highly detailed Report and Recommendation totaling 52 pages, totally rejected petitioner's claim. Petitioner argues that the R&R's conclusions were erroneous for seven reasons.

*First,* petitioner claims that the R&R was incorrect in crediting the reasonableness of Greco's sentencing strategy because, according to petitioner, Greco's decisions were the product of ignorance and neglect. Petitioner claims that Greco's strategy was erroneous because he failed in his duty to mitigate by not attempting attempt to place his client's actions in their broader cultural context or attempting to explain how his client's upbringing led him to his criminal conduct. Objection at 4-9.

As an initial matter, the suggestion that Greco "engaged in no mitigation at sentencing at all," Objection at 4, is simply incorrect. As detailed in the R&R, Greco submitted a seven-page sentencing submission, advancing various mitigation arguments, submitted nearly 20 supportive letters, submitted a professionally produced mitigation video, and engaged in effective oral advocacy at the hearing. *See* R&R at 10, 21. Greco "focused his submission and sentencing hearing arguments on collateral consequences, the low likelihood of recidivism, and his client's acceptance of responsibility." R&R at 20. The R&R found this was a reasonable strategy "to blunt . . . the

2

Government's key arguments" that the petitioner "had not fully accepted responsibility for his crimes." R&R at 19, 24.

Petitioner nonetheless claims this strategic decision by Greco is entitled to no deference because it was "the product of neglect [and] ignorance." Objection at 5. The only investigation that petitioner contends was lacking (setting aside the issue of expert consultation, discussed below) is Greco's purported failure to delve deeper into his client's background, upbringing, and family dynamics. *See* Objection at 5-9. But it was not ineffective assistance to decline to explore this line of inquiry further, because Greco considered and decided not to advance, for sound tactical reasons, the "cultural factors" argument these facts might support. *See* R&R at 31-39. Greco's decision not to investigate further was therefore supported by a "reasonable professional judgment[]." *Gersten v. Senkowski*, 426 F.3d 588, 607 (2d Cir.2005).[1]

*Second*, petitioner claims the R&R erroneously concluded there was no need for Greco to consult an additional expert. *See* Objection at

---

[1]   In a notice of supplemental authority, petitioner directs the Court's attention to the decision in *Ruiz v. McGinley*, 2024 WL 2745838 (E.D. Pa. May 29, 2024). *See* Dkt. 73. That case, however, is distinguishable from the instant matter in that counsel for petitioner there conducted *no* investigation into her client's background and offered *no* mitigating evidence or argument at sentencing. *See Ruiz*, 2024 WL 2745838, at *12-14. The *Ruiz* court also noted that the petitioner had identified some mitigating evidence that could have been presented that was not. *See id.* at *15. Here, by contrast, Greco did submit mitigating evidence and argument, and the only information that was not investigated or submitted -- the "cultural factors" argument -- presented a meaningful risk of backfiring.

10-16. Greco consulted with two separate experts -- Dr. Krueger and Dr. Janoson -- but petitioner argues "neither consultation satisfied his duty to consult in this case." Objection at 10.

As the R&R correctly points out, Greco was not required to consult any expert insofar as it was not necessary to support an otherwise reasonable sentencing strategy. *See* R&R at 29-30. Again, the only argument petitioner identifies that required an expert is the "cultural factors" argument the R&R found Greco reasonably chose not to advance.[2] In any event, Greco did in fact consult with an expert, Dr. Janoson, "to explore other mitigating factors including Mr. Khan's upbringing and psyche," but Greco ultimately did not use this expert because, after conducting his evaluation, Dr. Janoson indicated his report "would not be favorable" to defendant. R&R at 9, 13 ("Dr. Janoson ultimately stated that Mr. Khan 'repeatedly was arrogant,' viewed the victim as a willing participant, downplayed their age gap, and continued to blame the victim "as to why he was in this situation.""). Having consulted one expert, who indicated this argument was not a fruitful line of inquiry, Greco was under no obligation to consult with additional experts who may have been willing to present a different conclusion.

---

[2] Greco in fact used Dr. Kruger's report to argue petitioner presented a low risk of recidivism. While petitioner claims Dr. Kruger's report was prepared too early -- before the guilty plea -- and was subjected to criticism, that is irrelevant because the Court ultimately agreed with Dr. Kruger that "there's no indication here of likely recidivism." Sentencing Tr. at 13.

4

Resisting this outcome, petitioner argues that "Dr. Janoson is an expert that no lawyer would present 'with a straight face,'" citing to various cases where courts (including this Court) declined to credit Dr. Janoson's testimony. Objection at 12-13. But none of those cases found Janoson to be unqualified as a psychologist generally, but rather found his testimony not to be credible in the context of each case and in light of the Government's competing expert evidence.[3] And notably, all of those cases involved assessments of a defendant's competence to consent or stand trial, which is very different from the mitigation analysis Dr. Janoson conducted here. It was therefore not objectively unreasonable for Greco to consult with Dr. Janoson, even assuming consultation was required.[4]

*Third*, petitioner claims the R&R wrongly concluded it was objectively reasonable not to investigate and challenge the issue of

---

[3] *See People v. Gracia*, 897 N.Y.S.2d 671, 2009 WL 2340689, *5, n.7 (Sup Ct., Bronx County, June 29, 2009); *United States v. Robertson*, 2015 WL 520220, *7 (E.D.N.Y., February 9, 2015); *Alcantara v. Artus*, 2014 WL 415954, *5 (E.D.N.Y. February 4, 2014); *United States v. Shenghur*, 734 F.Supp.2d 552, 554-57 (S.D.N.Y. 2010). Indeed, one of these cases criticized Dr. Janoson for consistently giving pro-defense opinions. *See Garcia*, 2009 WL 2340689, *5 n.7. The fact that even such a pro-defense expert was unwilling to offer a helpful opinion for his client would have conveyed to Greco that a further research for experts would have proven fruitless.

[4] As one of the cases petitioner cites points out, "the Sixth Amendment does not directly incorporate a right to effective witnesses" but "only effective assistance of counsel," and so even assuming Dr. Janoson were incompetent or ineffective, that would not justify relief unless it were also shown that Greco himself acted objectively unreasonably in retaining him. *Alcantara v. Artus*, 2014 WL 415954, at *5 (E.D.N.Y. Feb. 4, 2014).

victim harm at sentencing. *See* Objection at 16-20. The Court agrees, however, with the numerous reasons identified by the R&R as to why it was reasonable for Greco not to go down this road. *See* R&R at 41-45. The victim's own psychiatrist had diagnosed her with trauma induced psychosis, and so the best result Greco could have hoped for was a battle of experts on very fraught ground. This challenge would have been inconsistent with Greco's overall strategy of contrition, while at the same time highlighting further the issue of victim impact. Even if Greco had pursued this course and shown the victim had pre-existing psychological issues, that could simply have made the victim appear an even more vulnerable target and petitioner's conduct in preying on her appear that much worse. Petitioner thus has not shown it was objectively unreasonable to not pursue a course that could have so ruinously backfired.

*Fourth*, petitioner claims the R&R erroneously found it was not objectively unreasonable for Greco to not focus on the applicable sentencing guidelines calculation. *See* Objection at 21-22. Petitioner claims that the stipulated guidelines provision specified in his plea agreement for the production of child pornography -- which produced a guidelines range of 292 to 365 months -- inaccurately describes petitioner's conduct, and argues Greco should have identified other, more relevant guidelines provisions with that would have produced a substantially lower recommended sentence.

But as the Court made clear at sentencing, the Court view is that in general the sentencing guidelines are wholly irrational, and here

6

the Court expressly found the recommended guidelines range did "not fit the facts of this case." Sentencing Tr. at 15. The Court ultimately imposed a sentence well below the guidelines range. In light of the Court's well-known views on this score, declining to focus on the guidelines range was therefore not unreasonable. Further, as the R&R observed, Greco did attempt to distinguish petitioner's conduct from that of "real online predators" that this guidelines provision was directed at. R&R at 46-47. He therefore made the substantive point reflected by these differing guidelines calculations.

*Fifth*, petitioner claims that the R&R erroneously concluded that Greco did not assume a 10-year maximum sentence would be imposed. Objection at 22-23. Petitioner does not seek to withdraw his guilty plea, so the only significance of this point appears to be atmospheric: Greco did not work hard enough because he believed it was certain his client would get the 10-year mandatory minimum. But as already noted, Greco engaged in substantial efforts at mitigation. Greco's optimism that his client would receive the mandatory minimum, even if misplaced, does not amount to ineffective assistance in the absence of some more specific showing, not made here, as to how this belief actually adversely affected his performance.

*Sixth*, petitioner claims the R&R did not address his argument that Greco, in effect, prosecuted his own client during the sentencing. *See* Objection at 23-24. Petitioner cites a handful of statements where Greco supposedly emphasized the wrongfulness of his own client's conduct, while failing to offer any arguments in mitigation. *See id.*

7

These out-of-context statements do not negate the substantial other efforts at mitigation Greco engaged in, and do not reflect an attempt to prosecute his own client. Rather, they reflect an understandable attempt to acknowledge the seriousness of petitioner's crime.

*Finally*, petitioner argues the R&R wrongly concluded that he had failed to show prejudice as a result of each of the supposed errors discussed above. *See* Objection at 25. The Court agrees with the R&R, however, that even petitioner had shown some error by Greco, he has not made the further showing that he has suffered actual prejudice such that the second prong of the *Strickland* test is satisfied.

While petitioner repeats the argument that Greco's conduct was ineffective *per se*, *see* Objection at 25, petitioner fails even to discuss the binding Second Circuit decision in *Bellamy v. Cogdell*, cited by the R&R, that limits the *per se* rule to situations "where, unknown to the defendant, his or her counsel was, at the time of trial (1) not duly licensed to practice law . . . or (2) implicated in the defendant's crimes." *Bellamy v. Cogdell*, 974 F.2d 302, 306 (2d Cir. 1992). The statement in *United States v. Cronic*, 466 U.S. 648 (1984), that prejudice may be presumed where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," *id.* at 659, which predated *Bellamy*, is not to the contrary. *See United States v. Sanchez*, 790 F.2d 245, 254 (2d Cir. 1986) (construing this portion of *Chronic* as limited to circumstances where "either a court preventing counsel from pursuing a defense" or there was a "total absence of

8

counsel"). In any event, the Court cannot say that Greco's conduct was so deficient as to meet this standard.

Accordingly, for the forgoing reasons the Court hereby adopts the R&R in its entirety and denies petitioner's petition.

SO ORDERED.

New York, NY
June 27, 2024

_____
JED S. RAKOFF, U.S.D.J.